Good morning, Your Honors. May it please the Court, my name is Cynthia Lee. I am arguing the matter for Arquimedes Mendoza-Soriano. We know that post-Kovian-Sandoval, post-Zepeda-Martinez, Mr. Mendoza-Soriano entered an unconditional guilty plea, open, without any written plea agreement or any plea agreement of any sort with the government. And his plea admitted the generic elements of 1326A. It admitted alienage, it admitted removal, it admitted presence in the United States subsequently. There was, in this generic plea, no admission or allocution specifically to any one of the three removal dates that were alleged in the conjunctive, one of which would, if proven, have predated his felony convictions. Kovian-Sandoval and Zepeda-Martinez made clear that this generic plea, these generic elements that were admitted by Mr. Mendoza-Soriano, triggered only a two-year statutory maximum. Counsel, even if we agree with you, what is our standard of review on this issue? Well, under Zepeda-Martinez and Salazar-Lopez, this Court has applied a standard of harmless error review. I would submit that Salazar-Lopez and Zepeda-Martinez. Even if no objection was raised at the time of the sentencing, you would still maintain that it's a harmless error standard of review? Had no objection been raised at the time of sentencing, then I would tend to agree with the government that plain error would apply. However, in this particular case, several months before sentencing, in the sentencing memorandum that he submitted, that I submitted on his behalf, I raised the apprendee error. Right. But you didn't raise the precise argument that you're making today. I did, in fact, raise the argument that the Court was prohibited from finding additional facts beyond what the Court was. Did you raise the precise error that the core that there was no admission of the temporal sequence? Did you raise that argument? I did raise that argument. Okay. Tell us where in the record we can find the argument that you raised regarding the Court finding the date of the prior removal. Where is that in the record? I did not specifically speak to either the date of removal or the date of conviction. But in my sentencing memorandum, which are incorporated in the government's excerpts of record, also in my supplemental sentencing memorandum, also submitted in the government's excerpts of record, and also at the argument on the sentencing  in the court's judicial fact-finding as to the sequence of removal and conviction. What I would also point out is that this Court's decision in United States v. Pallariz-Galan also makes a differentiation between the issue of claims and waiver of claims versus the issue of alternate arguments in support of a particular claim. And so even if this Court were to decide that the defense's timely objection prior to sentencing and during the sentencing hearing to fact-finding regarding the sequence of removal and conviction, even if this Court were to find that that is somehow different from an argument about the timing of those two events, the sequence of which is necessary, to the sentencing enhancements under 1326b, Pallariz-Galan would still control and let this Court know that the distinction there is, again, one of argument versus claim. Well, now, what do we do about the case that came down in the end of May, Mendoza-Zaragoza? Well, Mendoza-Zaragoza, I think, resolves the Fifth Amendment apprendi objection, which was raised in the Court below. However, we know that apprendi encompasses not only a Fifth Amendment constitutional error, but also a Sixth Amendment constitutional error. So Mendoza-Zaragoza indicates that an indictment such as the one that was obtained by the government in this case, which alleges specific dates of removal, can be sufficient to trigger the enhanced sentencing provisions of 1326b and b)(2). However, what Mr. Mendoza-Soriano pled guilty to was precisely the type of plea that Mr. Mendoza-Zaragoza in that decision attempted to do and was not permitted to do by the district court. Mendoza-Zaragoza tells us that the district court does not abuse its discretion in declining to accept such a limited plea. In this case, we have a district court accepting such a plea with the acquiescence of the government, with the government declining the opportunity to elicit additional admissions from the defendant in the Rule 11 colloquy, and where the government also declines to seek to impanel a jury on the issue of the one sentencing fact, the sequence of removal and conviction on which it intended to rely at sentencing. So I do concede that in my briefing, I did raise both the Fifth and Sixth Amendment aspects of Apprendi and spoke to the sufficiency of the indictment in this particular case. The issue is not merely the sufficiency of the indictment. The issue is not merely the due process right to notice of the type of charge, the type of sentence that the government is going to pursue, but also the more important Apprendi right of the Sixth Amendment jury trial right as to the finding of those particular facts on which the government seeks to rely, which would increase the statutory maximum from the 2 years for the generic offense to the 10 or 20 years, depending on the nature of the felony conviction, if any. Would you point us in your sentencing memorandum where you fleshed out the Sixth Amendment argument you're making? Well, I think throughout the sentencing memorandum, I raised the Apprendi issue. And I specifically raised it in my sentencing memorandum, the original sentencing memorandum that was filed in January, to the Sixth Amendment Apprendi jury trial right as to the finding of the sequence of removal and conviction, or rather conviction and removal. What page of the sentencing memorandum are you referencing, and where is that in the excerpts of record? It is at Government Excerpts of Record 7. It's the third page of the sentencing memorandum filed January 22nd of 2008. Notwithstanding the Supreme Court's reluctance to revisit the basic rule of Almodovar's that, quote, narrow exception, unquote, to the Sixth Amendment mandate, it had announced in Apprendi. What line are you on? I'm sorry. I'm starting at lines 8. But that was all in terms of the – well, okay. But you tie that into the indictment later on in the paragraph. I do tie that into the indictment later on in the paragraph, and I think that's because Apprendi speaks both to the notice requirements under the Fifth Amendment and also the Sixth Amendment jury trial rights. So I think that at the time that I was filing my sentencing memorandum, and in fact up through the time of the filing of the opening and reply briefs in this – before this Court, it was both the question – the way that I saw it was both as a question of the Fifth Amendment's sufficiency of the indictment. As to the question of the Fifth Amendment's sufficiency of the indictment. Well, Your Honor, I think that speaking to the Sixth Amendment right to a jury trial and Apprendi, I think, implicitly speaks to the judge's fact-finding abilities. I mean, just because that was the key issue that was in dispute under the Sixth Amendment holding. But don't you think if you had raised that explicitly to the judge at the time, the judge would have been able to know precisely what the issue was that you had a problem – concern about? Well, I think that I did raise the issue in terms of objecting to any sentence beyond the two years, absent a Sixth Amendment jury trial on the issue of the sequence of removal and conviction. And, Ms. Kaniyar. And I would also submit that in my supplemental sentencing memorandum, I also spoke to – this time drawing the district court's attention to Garcia Aguilar v. United States, I also pointed out that the error – that this – that Garcia Aguilar lent further support for the finding of Apprendi error in the event of sentencing in excess of two years. We know that although Mendoza-Zaragoza indicated that the district court had the discretion to decline to accept the limited plea to the generic elements of this offense, this Court's decisions in United States v. Thomas and United States v. Banuelos indicate that once it did accept the plea, the district court was obliged either to sentence within the two-year statutory maximum for 1326a or in the alternative to impanel a jury to determine those additional facts. By finding those facts unilaterally at sentencing, the district court did commit Apprendi error. That error warrants reversal, irrespective of the standard of proof, whether this is harmless error or whether this is structural error. I think that there is a basis, although harmless error was the standard that was applied in Zepeda-Martinez and also in Salazar-Lopez, there is a basis for finding that this was, in fact, structural error. Salazar-Lopez involved a jury trial. Zepeda-Martinez, although it did not specifically involve a jury trial, it is clear from the record in Zepeda-Martinez that the only reason that there was not, in fact, a trial, a jury trial, on the issue of the sequence of removal and conviction is simply the fact that the defendant himself in that case objected to that allegation in the indictment, the allegation of the sequence of removal and conviction. Thank you, counsel. Your time has expired. Thank you. We'll hear from the Governor. Governor? Good morning. May it please the Court. My name is Jeff Schenck, and I represent the United States. The judgment of the district court should be affirmed for three reasons. First, the district court correctly found an adequate basis to support the factual basis under 1326B, and therefore committed no error. Second, the defendant is raising a new claim on appeal. Plain error applies, and the defendant's continuous failure to challenge any removal date alleged in the indictment and his admissions at sentencing prove the defendant cannot meet his burden to demonstrate the error affected his substantial rights. Lastly, if this Court first finds error and then believes Mendoza Soriano raised his current claim in the district court, any error committed by the district court was harmless beyond a reasonable doubt. When the evidence of the defendant's removals is overwhelming and uncontroverted, the error was harmless. Let me ask you this. Why — it's so easy to do. Why didn't the government introduce evidence of the deportation? That wasn't the issue in the district court, Your Honor. The government in the district court submitted evidence of the prior convictions. That was what was in debate. In reviewing the sentencing memoranda submitted by the defendant, the government understood that the defendant's claim was that the judge could not compare the temporal relationship between the prior dates of removal and the prior felony convictions. So just to see the difference. Are you arguing there was a concession, then, as to those dates? Yes, Your Honor. That issue was not raised in front of the district court. In fact, the defendant filed two sentencing memoranda. In other words, the failure to object would be tantamount to a finding that those removal dates were accurate? Correct. The failure to object, in addition to the affirmative statement made by the defendant in two sentencing memoranda that claimed that the defendant was subject to both the 20-year statutory max and the plus 16 U.S. Sentencing Guideline enhancements. But it's always the government's burden to meet the elements of the statute. Absolutely. Regardless of whether or not the defense specifically holds you to that burden. Yes, absolutely, Your Honor. And that burden was met. The government introduced evidence of the felony convictions because that was what was at issue. But the government, before the defendant pled guilty, what was the evidence of the deportation? The defendant's statement that he pled guilty at the guilty plea immediately  But if you were in a trial, if this case went to a trial, you couldn't say that you had met your burden of proof just because you don't know what the defendant is going to do in terms of when you go to trial. So you have the same burden regardless of whether you go to trial. You still have the burden of showing that you met the elements of the statute. So it's hard for me to understand how you think you can rely on silence on the part of the defense to meet your affirmative burden. In this case, Your Honor, the defendant wasn't silent. The defendant pled guilty immediately after the judge said, I'm going to find you guilty based on what I hear today, and then turns to the government and asks the government. But he didn't say anything about the removal dates, not one word. It was a general guilty plea. Correct. The judge asked the government for a factual basis. The government stated that on the three dates alleged in the indictment, the defendant was previously deported, and immediately following that statement, the defendant pled guilty. The defendant said that he was guilty to the one-count indictment, the one-count charge that included the dates in it. It's the government's position that the defendant, therefore, was admitting those dates of removal. Well, maybe Mendoza-Zaragoza will bail you out, at least as to the Fifth Amendment side of it. But what about Ms. Lee's argument on the Sixth Amendment side? Your Honor, the government did not violate the defendant's jury trial rights or any other rights that Ms. Lee argues, because the defendant pled guilty following the factual basis provided by the government. And the issue before the district court was issues relating to sentencing enhancement based on prior felony convictions. That's why the government introduced evidence regarding the prior felony convictions as opposed to removals. The government provided probation the full alien file, and when probation prepared the pre-sentence report, they used the documents to both claim that there were prior felony convictions and that there were prior removal dates. The evidence was in the government's possession. The only reason the government chose to introduce the evidence of the felony convictions in advance of sentencing is because, as the Court noted, that was the issue. That was what was at issue or at debate at that point. There was no claim. In fact, it was the converse. The defendant was claiming that he was removed on particular dates in his sentencing memoranda because he claimed he was susceptible to the 16-level guideline enhancement. The only way the defendant becomes faced with a 16-level enhancement is if he's removed on two of the three dates alleged in the indictment. If the Court, therefore, believes, though, that there is error, plain error applies, because this argument was new. The defendant's argument in the district court was about the sufficiency of the indictment. The defendant's argument in this Court is about the sufficiency of the plea, of the factual basis. Those arguments are new. The only similarity is the relief that the defendant is asking for. Well, now, what about Ms. Lee's argument that those arguments are set forth in the sentencing memorandum and the supplemental sentencing memorandum? Unfortunately, Ms. Lee is incorrect about that. The argument that was made in front of the district court judge was citing the Garcia-Aguilar, this Court's Garcia-Aguilar opinion. That opinion drew into question in the defendant's mind whether judges could find the temporal relationship between sets of dates, that is, the prior felony conviction dates and removal dates. And Ms. Lee's argument was, because the indictment was deficient, because the indictment did not allege the date of the felony conviction, while the judge is allowed to find the fact of a felony conviction, Judge White was not allowed to do the math, essentially, compare the removal date to the felony date, decide which one was subsequent, and, therefore, whether an enhancement applied in the case, a sentencing guideline applied. In this case, in this appeal, the issue is about the sufficiency of the factual basis for the plea, the plea colloquy. Once the defendant received the transcript of the plea colloquy, the defendant raised the argument in that. Not to mention the Mendoza-Zaragoza case came out that Your Honor points to, and the value of arguing Garcia was eliminated. So now the defendant argues the sufficiency of the factual basis. The only similarity between the two claims is the relief. That is, both instances, the defendant asks this Court to cap his sentence at 24 months. But beyond the relief, there's nothing similar between them. When the Court, therefore, decides that there is no similarity between the two arguments, that it is a new claim, plain error applies. And the Covey and Sandoval case found that when defendants admit removal dates at sentencing, they cannot overcome their burden to prove that any error affected their substantial rights. In this case, the defendant's sentencing memos argued that he was removed on particular dates. He had to have been because the defendant said that he was susceptible to guideline enhancements, to plus-16 level guideline enhancements. Again, the only way that happens is if he was removed following a felony conviction. Therefore, the defendant admits the dates of the removals through his sentencing memos, not to mention both draft and final versions of pre-sentence reports that contain removal dates remain unobjected to. And when defendants admit removal dates or the error, if this Court finds error, Covey and Sandoval says that there is no way that they can overcome their burden to demonstrate that any error affected their substantial rights, and under plain error, the government would prevail. If, though, this Court decides that, one, there is error, and, two, that the defendant raised this claim in the district court, that is, the sufficiency of the factual basis, not the sufficiency of the indictment, but if this Court finds, essentially takes those two forks, we reach the harmless error test. And under harmless error, the government bears the burden of proving beyond a reasonable doubt that the result would have been the same absent the error. Again, in Zepeda-Martinez, and I direct you to footnote 4, it says when looking for the overwhelming and uncontroverted evidence, that is, the standard that the government must meet, you can also look at evidence that, quote, the parties would have introduced. This goes to the heart of the debate, essentially the debate I raised at the beginning about why this is a different claim now. When the government was facing sentencing in the district court, the government introduced evidence of the defendant's prior convictions, because that was the debate at the time. The government didn't introduce evidence of his prior removals, not because the government didn't have it, but because it wasn't relevant. As I said before, the government shared that evidence with probation, when probation prepared the pre-sentence reports. And Zepeda-Martinez says you can look at evidence that the parties would have introduced when you're assessing the overwhelming and uncontroverted standard. The overwhelmingness of the evidence becomes clear when you look at the evidence the government would have introduced, that is, the removal documents that it shared with the probation office when they prepared the pre-sentence report. The overwhelming nature of the evidence is the fact that to this date, the defendant still has not objected to those particular dates. It isn't the case that he wasn't removed or deported on those dates. It's an allegation now about the sufficiency of the factual basis, as opposed to the original allegation that was the sufficiency of the indictment. If the Court has no additional questions, the government would ask the Court to affirm the judgment of the district court. Thank you, counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Rawlinson, Bea